***********
Upon review of all of the competent evidence of record with references to the errors assigned and finding no good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, the Full Commission AFFIRMS with some modifications the Decision and Order of the Chief Deputy Commissioner.
 ***********
Based upon the competent evidence of record, the Full Commission adopts the Findings of Fact found by the Chief Deputy Commissioner as follows:
 FINDINGS OF FACT
1. Plaintiff is an inmate in the custody of defendant. On April 22, 2003, plaintiff filed a Tort Claim Affidavit alleging medical negligence. Plaintiff alleged that he was seen by a staff physician at Hoke Correctional Institute for back and shoulder pain. On June 10, 2002, the utilization review process denied plaintiff a subsequent visit to an orthopedic specialist. Plaintiff alleges this denial caused him undue pain and suffering.
2. On November 25, 2003, the Deputy Commissioner filed an Interlocutory Opinion and Award stating that the plaintiff shall have up to and including April 26, 2004 to comply with Rule 9(j) of the North Carolina Rules of Civil Procedure by securing an affidavit from a medical expert who has reviewed plaintiff's claim and is willing to testify. The Interlocutory Opinion and Award further stated that should plaintiff fail to provide a letter or affidavit from a doctor or medical expert within the time permitted, plaintiff's civil action would be dismissed.
3. As of August 26, 2004, plaintiff had not provided such affidavit to the Commission.
 *********** CONCLUSIONS OF LAW
1. Under the provisions of the State Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkir v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
2. Pursuant to Rule 9(j) of the North Carolina Rules of Civil Procedure "[a]ny complaint alleging medical malpractice by a health care provider as defined in N.C. Gen. Stat. § 90-21.11 in failing to comply with the applicable standard of care under N.C. Gen. Stat. § 90-21.12 shall be dismissed unless:
(1) The pleading specifically asserts that the medical care has been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care;
(2) The pleading specifically asserts that the medical care has been reviewed by a person that the complainant will seek to have qualified as an expert witness by motion under Rule 702(e) of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care, and the motion is filed with the complaint; or
(3) The pleading alleges facts establishing negligence under the existing common-law doctrine of res ipsa loquitur.
3. Plaintiff has not provided an affidavit as required by Rule 9(j) of the North Carolina Rules of Civil Procedure within the time permitted by the Interlocutory Decision and Order entered on November 25, 2003 and the claim for medical negligence does not meet any of the exceptions for an affidavit. N.C. Gen. Stat. § 1A-1, Rule 9(j). Defendant's Motion to Dismiss this civil action for medical negligence should be granted. Id.
 ***********
Based on the foregoing Findings of Fact and Conclusions of Law, the Full Commission finds as follows:
 ORDER
1. Plaintiff's tort claim must be DISMISSED WITH PREJUDICE.
2. No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis.
This the 11th day of May, 2005.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_____________ PAMELA T. YOUNG COMMISSIONER